IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| DOUGLAS BICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-5093-SSA-CV-SW-MJW |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Douglas Bickett seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq.[1]  The parties' briefs are fully submitted, and oral argument was held on September 8, 2011.  The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff (hereinafter "Bickett") filed an application for Supplemental Security Income (SSI) on September 5, 2007, alleging disability beginning November 16, 2005. However, because SSI is not payable prior to the month in which the application is filed, the relevant time period is September 5, 2007, to the date of the decision of the Administrative Law Judge (ALJ) on April 21, 2010.

The ALJ concluded that Bickett suffered from the severe impairments of degenerative joint disease, osteoarthritis and schizophrenia. The ALJ found that Bickett could, however, perform light work, with some specific limitations to account for his impairments. The ALJ found that while Bickett's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the finding that he has a Residual Functional Capacity (RFC) to maintain light work within the stated limitations to account for his impairments.

Bickett alleges that the ALJ erred in failing to base the RFC on substantial evidence in the record. Bickett argues that there is no medical evidence in the record to support the ALJ's RFC

assessment. Bickett notes that the two examining medical sources in the record do not support the ALJ's RFC assessment.

The Commissioner argues that the ALJ does not have to have one particular medical opinion that fits the RFC assessment. Rather, the ALJ is to base his RFC on the record as a whole. The Commissioner argues that the ALJ properly discussed reasons for giving little weight to the examining medical sources.

The RFC is the most a claimant can still do despite his or her physical or mental limitations. 20 C.F.R. § 416.945(a). When determining the claimant's RFC, the ALJ must consider all relevant evidence, but ultimately, the determination of the claimant's RFC is a medical question. Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, the determination of the claimant's ability to function in the workplace must be based on some medical evidence. Id. See also Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). If there is no such evidence, the ALJ's decision cannot be said to be supported by substantial evidence. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). Here, the ALJ discounted the two examining medical opinions of Drs. Graue and Whisman, but gave some weight to the opinion of consulting Dr. Hwong. While Dr. Hwong's opinion is some medical evidence to support the RFC, it addressed only Bickett's physical impairments, and did not address his mental impairments. The only medical evidence regarding Bickett's mental impairments is that of Drs. Graue and Whisman, both experts in their field as licensed psychologists, who made findings that Bickett was emotionally and cognitively unfit to work on a full-time basis. Because the ALJ discounted their opinions, there is no medical evidence to support the ALJ's determination as to the effect of Bickett's mental impairments on his RFC.

The ALJ cannot draw his own inferences from medical reports as to how the claimant is limited. Nevland, 204 F.3d at 858. There is no medical evidence to support that Bickett was mentally capable of doing light work. The lack of medical evidence to support the RFC determination leaves the record in this case insufficiently developed. Therefore, this court finds that there is not substantial evidence in the record to support the ALJ's RFC determination. The ALJ has a duty to fully develop the record on crucial issues such as this. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). Therefore, this case requires further review by the Commissioner

on remand with a directive to further develop the record to include obtaining a consultive mental examination in order to properly make an RFC determination. See 20 C.F.R. § 416.919a. See also Chatman v. Astrue, 2007 WL 5110319 (E.D. Mo. 2007) (because no medical evidence to support the RFC attributed to claimant, the ALJ has duty to order consultive examination and to fully develop the record).

It is, therefore,

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § 405(g), with a directive to further develop the record to include obtaining a consultive mental examination in order to properly make an RFC determination.

Dated this 30th day of September, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge